# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-148-RJC

| | |
|---|---|
| ZANE JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| ROBERT C. LEWIS, Director of Prisons, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a motion to dismiss by Defendants Ruppel, Clark, Parker, Rice, and Solomon. (Doc. No. 27).

## I. BACKGROUND

Pro se Plaintiff Zane Johnson, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution ("Lanesboro"), filed this action on March 8, 2013, pursuant to 42 U.S.C. § 1983, and he filed an Amended Complaint on December 19, 2013.[1] On June 9, 2014, Defendants filed the pending motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 27). On June 13, 2014, the Court entered an Order granting Plaintiff fourteen days in which to file a response to the motion to dismiss. (Doc. No. 29). On July 1, 2014, Plaintiff filed his response to the motion to dismiss. (Doc. No. 30).

---

[1] On December 3, 2013, this Court entered an Order requiring Plaintiff to re-submit the Complaint because the Complaint in its current form was illegible. (Doc. No. 15).

1

Although Plaintiff does not identify in his Amended Complaint the legal claims he purports to bring, Plaintiff alleged in the original Complaint that Defendants are violating his First Amendment right to the free exercise of his religion and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 to 2000cc-5, by denying him a proper kosher diet in accordance with his religious beliefs as a Hebrew Israelite. In the Amended Complaint, Plaintiff alleges that his claims arose at Central Prison in Raleigh, North Carolina, and that the violations are continuing at Lanesboro. Plaintiff names as Defendants George Solomon, identified as Director of the North Carolina Division of Prisons; "Mr. Ruppel and Mrs. Clark," identified as the Head of Kitchen Staff at Lanesboro; Jackie Parker, identified as the Head Dietician for the North Carolina Division of Prisons with an address at 218 W. Morgan Street in Raleigh, North Carolina; Betty Liles, identified as having an address in Kernersville, North Carolina; and James Rice, identified as being employed at Central Prison in Raleigh, North Carolina. Plaintiff does not indicate whether the named Defendants are being sued in their individual capacities, their official capacities, or both. Plaintiff sets forth the following allegations in the Amended Complaint:

> My claim is that the Hebrew Israelites are [being fed from a] tray like [regular inmates] when the tray[s] are supposed to be order[ed] from a Kosher kitchen [due] to germs and no[t] getting the proper food like the five basic meats turkey, steak, chicken, baked fish. Now [Central Prison in Raleigh] is feeding right. Lanesboro plus Maury plus Scotland is feeding from a Kosher veggie menu and it [is] no[t] fair to lose … weight by being starved and forced of the diet due to the non-meat menu. I showed the court where Kosher meat vs. allow and [sic] temp tray is the kosher real way to feed Hebrew Israelite d[ue] to the menu from the Hebrew Israelite community Pub. [Raleigh] Dept. African Hebrew Israelite of Jerusalem P.O. Box 465 Dimona Israel 866000. I would love to honor my religion and the real forthcoming of the real food. They got people running off [from their] religion because of a veggie menu made up [by Raleigh] that in violate [sic]. Because the judge rule to serve Kosher but he thought it was going to be true Kosher not made up.

2

(Doc. No. 16 at 4). For relief, Plaintiff states that he wants to be paid $1000 a day "for the time I have suffered and order [Raleigh] to go to the non-air temporary tray so we can get the Kosher meat tray not hand-made with a bag that [sic] fruit, cheese, bread, juice Real to go with the trays of the truck." (Id.). Furthermore, in his response to the motion to dismiss, Plaintiff states, "My reason for suing is to get the proper kosher diet which is the reg level one kosher and the sub for the non-meat and the vegan kosher for the vegan." (Doc. No. 30 at 1).

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

## III. DISCUSSION

### A. The Right to Free Exercise of Religion under the First Amendment

Plaintiff, who identifies himself as a Hebrew Israelite, alleges that Defendants have violated his right to the free exercise of his religion under the First Amendment and RLUIPA by failing to feed him a kosher diet that is compliant with the tenets of his faith. "The Free Exercise

3

Clause of the First Amendment forbids the adoption of laws designed to suppress religious beliefs or practices," and "[i]ts protections . . . extend [ ] to the prison environment." Morrison v. Garraghty, 239 F.3d 648, 656 (4th Cir. 2001) (citations omitted). To state an actionable claim under the Free Exercise Clause, a plaintiff must show both that he sincerely held a religious belief and that the defendant's actions substantially burdened his religious freedom or expression of his belief. Blue v. Jabe, 996 F. Supp. 499, 502 (E.D. Va. 1996) (citing Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972)). The Supreme Court has defined "substantial burden" in various ways, including "putting substantial pressure on an adherent to modify his behavior and violate his beliefs," Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 717-18 (1981), and forcing an individual to "choose between following the precepts of [his] religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of [his] religion . . . on the other hand." Sherbert v. Verner, 374 U.S. 398, 404 (1963). Finally, inmates' First Amendment rights must be balanced with prisons' institutional needs of security, discipline, and general administration. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). Therefore, a prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Indeed, the role of the federal judiciary is not to micro-manage state prisons or to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given due deference. See Sandin v. Conner, 515 U.S. 472, 482 (1995).

 **B. The Right to Free Exercise of Religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")**

Under RLUIPA, the government is prohibited from imposing a "substantial burden on the

religious exercise of a person residing in or confined to an institution" unless the government demonstrates that the imposition of that burden furthers a "compelling governmental interest" by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)-(2). Although RLUIPA does not define the term "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that a "substantial burden on religious exercise occurs [under RLUIPA] when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas, 450 U.S. at 718 (1981). "On the opposite end of the spectrum . . . a government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004). "Religious exercise" in this context includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

In establishing a claim under RLUIPA, inmates must first show that they have sought to engage in an exercise of religion and, second, that the prison has engaged in a practice that substantially burdens that exercise of religion. See Smith v. Ozmint, 578 F.3d 246, 250-51 (4th Cir. 2009) (citing Lovelace, 472 F.3d at 186). Once the inmate has alleged a substantial burden, the prison must demonstrate that the practice in question is the least restrictive means of furthering a compelling governmental interest. Id. Additionally, while RLUIPA authorizes injunctive and declaratory relief, it does not waive a state's Eleventh Amendment immunity, nor does it authorize suits for money damages against prison officials, whether in their official or

individual capacities. Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); accord Sossamon v. Texas, 131 S. Ct. 1651, 1663 (2011). Finally, to state a RLUIPA claim against an individual, a plaintiff must establish that the individual acted with the requisite intent. Lovelace, 472 F.3d at 194-95. In the RLUIPA context, the Fourth Circuit has held that such a claim requires more than negligence and is satisfied only by intentional conduct. Id. at 194 ("We conclude that simple negligence, the lowest common denominator of customary tort liability, does not suffice to meet the fault requirement . . . RLUIPA.") (internal quotation marks omitted).

For the following reasons, the Court finds that Defendants' motion to dismiss shall be granted to the extent that Defendants are being sued in their individual capacities and to the extent that Plaintiff is seeking damages. Here, neither the original Complaint nor the Amended Complaint indicates whether the moving Defendants have been sued in their individual capacities only, in their official capacities only, or both. The Court will assume for purposes of the motion to dismiss that Plaintiff has sued the named Defendants in both capacities. For a defendant to be held liable under Section 1983 in his individual capacity, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). There can be no liability under Section 1983 based on respondeat superior or other theories of vicarious liability. Id. Liability under Section 1983 attaches only upon personal participation by a defendant in the constitutional violation. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). A supervisor may be liable for constitutional violations of subordinates if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

6

Here, to the extent that the moving Defendants have been sued in their individual capacities, they are all entitled to be dismissed because Plaintiff neither mentions any of them by name nor attributes any action or inaction to them that resulted in denying his ability to exercise his religion. Specifically, Plaintiff does not allege that any of the named Defendants had actual knowledge that Plaintiff was not being served a kosher diet. Indeed, beyond being named as Defendants, the movants are simply not mentioned anywhere in the factual allegations of either the original Complaint or the Amended Complaint. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because Plaintiff does not allege that any of the moving Defendants personally participated in denying him a kosher diet, Plaintiff's claims against the moving Defendants in their individual capacities will be dismissed.

The Court finds, however, that to the extent that Plaintiff has sued Defendants in their official capacities, Plaintiff's claims of a First Amendment and RLUIPA violation survive as to a claim for prospective injunctive relief under Ex Parte Young, 209 U.S. 123, 159-60 (1908).[2] See Browning v. Seifert, No. 1:13cv23, 2014 WL 1048494, at *18 (N.D. W. Va. Mar. 18, 2014) (holding that the plaintiff stated a claim against the defendants for prospective injunctive relief where the plaintiff, a Hebrew Israelite, alleged that he was being provided a vegetarian diet rather than a true kosher diet). The Court must take Plaintiff's allegations as true, and construe

---

[2] To the extent that Plaintiff is seeking injunctive relief with regard to his claims arising while at Central Prison, his claim for injunctive relief is moot since he has been transferred away from Central Prison.

7

all inferences in his favor. He specifically alleges that his faith is Hebrew Israelite, that as a Hebrew Israelite he is entitled to a kosher diet, and that he is not being provided a kosher diet that is compliant with the tenets of his faith. He complains that he is, instead, merely being fed a vegetarian diet. These allegations are sufficient to state a plausible claim for a violation of the First Amendment and RLUIPA.[3] Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant. In the context of prison litigation, that official is usually the warden of the institution where the inmate is incarcerated. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff has not named as a defendant the warden of Lanesboro, but he has named George Solomon, Director of the North Carolina Division of Prisons. Here, the Court will allow Plaintiff's claim to go forward against Defendant Solomon in his official capacity for prospective injunctive relief. However, all remaining Defendants and claims will be dismissed from this action.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 27), is **DENIED** in part and **GRANTED** in part. Plaintiff has sufficiently stated a claim against Defendant Solomon in his official capacity for purposes of receiving prospective injunctive

---

[3] The Court takes judicial notice that, in another case with similar facts, the District of Connecticut recently held that a vegetarian diet satisfied the Hebrew Israelite inmate's religious requirement for a kosher diet after prison officials "provided evidence, in the form of affidavits from the Department of Correction's Director of Religious Services and Chief of Food Services, that an attempt to accommodate the plaintiff's dietary requests [by providing kosher meat] would involve significant costs and present serious security and administrative problems." Wortham v. Lantz, No. 3:10-cv-1127 (DSJ), 2014 WL 4073201, at *4 (D. Conn. Aug. 13, 2014). However, the Court's determination in that action was made on summary judgment after the parties had developed the record with evidence.

8

relief in this action, but all other Defendants and claims are dismissed.

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge